UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RINELLA C. BINNS-HARTY-BOLT,

                         Plaintiff,

-against-

DENIS McDONOUGH, SECRETARY OF
THE VA; HELEN ZHANG; DEBORAH
INNELLA; YVONNE MORRIS; JILLIAN
PEPE; DAWNMARIE NEVINS; JUN OH;
JODI DORAN; LINDA DAWSON,

                         Defendants.

21-CV-7276 (LTS)

ORDER TO AMEND

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated her rights. By order dated September 20, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

      From August 27, 2021, through October 14, 2021, Plaintiff has filed ten voluminous documents in this case. She filed her original 184-page complaint on August 27, 2021. On September 17, 2021, she filed a 3-page motion to file an amended complaint and a 228-page proposed amended complaint, including exhibits. The Court granted her motion and directed the Clerk of Court to docket the amended complaint. (ECF 10). On October 14, 2021,[1] Plaintiff filed four separate motions for a temporary restraining order and preliminary injunction (ECF 14, 15, 18, 19); a "master motion statement in support of 10/14/21 motions" (ECF 16); a "master memorandum of law in support of 10/14/21 motions" (ECF 17); a "memorandum of law for motions against Wolin's Lien for TROs and/or preliminary injunction" (ECF 21); and a "motion

---

[1] These documents were entered on October 15, 2021.

to amend/correct" the amended complaint, which includes a proposed second amended complaint and 76 exhibits (ECF 20). In all, Plaintiff's submissions total more than 1,750 pages.

For the reasons set forth below, the Court denies Plaintiff's requests for preliminary injunctive relief; directs the Clerk of Court to docket Plaintiff's proposed second amended complaint, and grants Plaintiff leave to file a third amended complaint within thirty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Rinella Binns-Harty-Bolt was formerly employed by the New York Harbour Medical Centre, a branch of the United States Department of Veterans Affairs ("VA") located in Manhattan. (ECF 11, at 7.) Plaintiff asserts that her employer "engage[d] in unlawful discrimination in violation of Title VII by engaging in hostile environment practices discrimination on the basis of sex/gender, race, age and disability" as well as "retaliatory acts against Plaintiff for her participation in protected activity." (*Id.* at 4.)

Plaintiff states that she was born in 1956, and describes her disabilities as "neck, back, spine, and shoulder injuries, diabetes, bells palsy, severe tear of rotator cuff, and PTSD." (*Id.* at 5.) Plaintiff also alleges that she belongs "to the (naked-eye observable) **protected classes** of being black and being female." (*Id.* at 8.) (emphasis in original).

The following factual allegations reflect the Court's understanding of what Plaintiff writes in the amended complaint, which is 78 pages of single-spaced text plus another 150 pages of exhibits and is not a model of clarity.[2] Plaintiff was hired as a Master's Level Social Worker

---

[2] The allegations in Plaintiff's 84-page proposed second amended complaint are substantively similar to the allegations in the amended complaint quoted here.

3

without a state license and was required to acquire a state license by May 2010. Between October 2007 and September 2008, Plaintiff "was at the GS-11 level" of the [federal government's payscale]. (*Id.* at 8.) But on January 6, 2008, "eOPF documents reflect[ed] that [Plaintiff] was a GS-9." (*Id.*) Plaintiff then "initiated an [Equal Employment Opportunity ("EEO")] complaint internally in October 2009 and [an] actionable item on said Complaint was set for November 19, 2009. (*Id.*)

On November 18, 2009, Plaintiff "was attacked and severely injured on the job by a veteran." (*Id.* at 9.) "On November 17, 2009 – one day before [Plaintiff] was attacked and two days before [an] actionable item on [Plaintiff's] October 2009 EEO complaint – [Plaintiff] was clandestinely demoted by Deborah Innella to Social Work Associate at a GS-8 level and designated to return to work under 5 CFR, Part 353." (*Id.*) Due to being attacked on the job, Plaintiff "has a disability which the Agency does not dispute." (*Id.*) Because of her injury, Plaintiff took no further action with respect to the 2009 EEO complaint.

Between May 7-9, 2010, Deborah Inella "signed an SF 50 indicating 'Social Worker', GS-11 and extended [Plaintiff's] appointment to 05-08-2011." (*Id.*) On May 10, 2010, while Plaintiff was out on disability, her employer sent her "a letter claimed to be a contract, where instead of being terminated [Plaintiff] needed to voluntarily accept a demotion and relinquish any rights to redress." (*Id.*) This letter, however, "did not foreshadow nor was concurrent with a demotion. Instead, in the letter, a demotion which was approved and became effective almost five months earlier, was revealed to [Plaintiff] for the first time." (*Id.*) Plaintiff signed the letter on May 12, 2010. Plaintiff began receiving workers' compensation benefits around March 2010.

Plaintiff's doctor indicated that Plaintiff could no longer work with violent patients. Between 2011 and 2012, the Agency requested that Plaintiff return to work, but Plaintiff's doctor

4

declared her "unfit for the return." (*Id.* at 10.) Plaintiff's workers' compensation payments continued until January 2015. Around January 14, 2015, Plaintiff's employer requested that she return to work as a Finance Accounts Technician ("FAT") or risk termination. Plaintiff accepted the FAT position and returned to work on or around February 9, 2015. However, Plaintiff alleges that "[a]fter February 9, 2015 the FAT position offered to [Plaintiff] ceased to exist in eOPF records and multiple eOPF entries were made in [Plaintiff's] name on a fictitious Social Work Associate position." (*Id.*) Plaintiff claims that both the FAT position and the Social Work Associate position were "fictitious." (*Id.*)

Between February 2015 and December 2017, the individual defendants "became aware of the Plaintiff's disability, status as a person older than 40 years old, status as a female and status as a black person." (*Id.* at 11.) During this same time, the individual defendants "denied the Plaintiff a tour of duty change which was requested to facilitate therapy associated with the compensable injury suffered in 2009." (*Id.*)

On or about October 23, 2015, Plaintiff filed an EEO complaint "related to" her return to work. (*Id.* at 13.) She filed the complaint "after several unsuccessful internal complaints/requests within the Agency to rectify the failure to restore [her] to a social work position; the lack of training; and lack of access to tasks, among other issues." (*Id.*)

On August 14, 2017, Plaintiff "was separated from the job to facilitate an August 15, 2017 surgery related to injuries sustained on the job in November 2009." (*Id.* at 14.) In November 2017, she received an email indicating that she "was, or would be declared, AWOL." (*Id.*) Plaintiff provided her employer with a form indicating that her doctor had "approved separation from the job for a compensable injury." (*Id.*) On December 30, 2017, Kevin Grundig "signed an eOPF, with no legal authority detailed, indicating that [Plaintiff's] term appointment

as a Social Work Associate had expired." (*Id.*) Plaintiff maintains, however, that "Titilola Olugbakinro and/or Yvonne Morris was supposed to extend that Plaintiff's NLT to 2019, and almost all defendants named in their personal capacity was aware of this." (*Id.*)

The remainder of the 78-page amended complaint consists of pages of accusations of conspiracies and cover-ups involving Plaintiff's employer and its attorneys, and the Administrative Judges ("AJ") at the Equal Employment Opportunity Commission ("EEOC") and the Merit Systems Protection Board ("MSPB"). Most of Plaintiff's allegations are nearly incomprehensible and many allegations appear conclusory.

For example, Plaintiff writes,

> In its October 23, 2020 EEOC Summary Judgment submission **[Exhibit 208]** the Agency and its counsel claims '[t]he SF50 dated 9-12-2010 reflects the change in position from Social Worker to Social Worker Associate with the annotation "CONV TO EXCEPTED APPT **NTE 5-13-2011**"'. (**Exhibit 'C' – VA000088).** – This is a falsity. The change in position was approved and effected between November 17-19, 2009; see Agency's **Exhibit B. Exhibit C** is a cover up, and is contradicted by item 15 of page 90 (signed by Deborah Innella) of **Exhibit 214**, the *Agency's 2018 DR*. Page 90 of **Exhibit 214** is the same as  - Agency **Exhibit E**."

(*Id.* at 18) (all emphasis in original).

Plaintiff also writes,

> Page 86 of the Agency's 2018 DR [see **Exhibit 214**] is the Agency's Exhibit F. It is signed by Deborah Innella and documents the Complainant being a Social Worker, thereby covering up the November 2009 demotion. Furthermore, it is a February 2015 document exposing the fact that at least one fictious [sic] position is documented in eOPFs. The Agency's Exhibit G (items 7 and 15 of each presented SF 50) shows that Yvonne Morris, Kevin Grundig and Linda Dawson acted in concert with Deborah Innella in covering up the November 2009 demotion by signing to the Plaintiff being at a GS-8 level.

(*Id.* at 19.)

Regarding the actions of EEOC AJ Sarkin, Plaintiff alleges, among other things,

> Between November 20, 2020 and July 28, 2021 Sirkin AJ permitted and promoted a prolific practice of a penchant for prevarication by [Agency counsel] Ms.

> Comas Papanikos. This allowed Agency Counsel at the time, Stephanie Comas-Papanikos, to engage in a wide-ranging campaign of mistruths – see Exhibits 203, 211, 117, 235-238 and 261. Effectively, Sirkin AJ failed to take any action to protect the integrity of the EEOC process, and allowed the incredibly prejudiced view of Ms. Com[]as Papanikos, who had engaged in over twenty-five (25) mistruths n a five (5) page document – see Exhibits 211 and 261 – to become involved in the Agency's Final Order of August 19, 2021.

(*Id.* at 28.)

Plaintiff also seeks to assert claims of "fraud" and "misrepresentation" against several of the individual defendants:

> The cover-up by Deborah Innella and Kevin Grundig becomes clear when the SF50s of 2010 are juxtaposed with the SF 50 Deborah Innella approved on November 1, 2009. The relevant SF 50 actions are reflected in the '2018.1.19 Agency Motion to Dismiss for Lack of Jurisdiction' (hereafter, Agency MSPB MTDFLOJ 2018), page number set out in '[]' in the next list, and are these: a) On June 09, 2009 Deborah Innella signed and SF 50 indicating that the Complainant was a 'social Worker' at the GS-11 level – see [17]; b) On November 17, 2009 Innella approved a demotion to 'Social Work Associate', GS-8 – See [N/A] and Agency Exhibit B; c) On May 7-9, 2010 Innella signed an SF 50 indicating 'Social Worker', GS-11 and extended Complainant's appointment to 05-08-2011 – See [15]: this is one of the SF 50s omitted from the Agency 2018 DR and shows a deliberate cover up; d) On May 12, 2020, under pretext, Steven Bailyn sent a letter claiming a foreshadowed demotion to GS-8 for failing to obtain a license; and e) On September 10, 2020 Innella signed an SF 50 under pretext that the Complainant was being demoted to Social Work Associate, GS-8 for the first time – see [16] and Agency Exhibit C. f) Between January and April 2017 Kevin Grundig conducted a wide-ranging review of Plaintiff's employment records. During this review, Kevin Grundig failed to go back to 2010 in his review and corrections because he wished to act in concert with, and approve, rather than denounce, Innella's actions."

(*Id.* at 33.)

Plaintiff alleges that she

> timely filed for Pre-Complaint Counseling and, thereafter, timely exhausted the requisite administrative remedies before the Equal Employment Opportunity Commission prior to timely filing this action. In fact, the Complainant brought a

>mixed case with joint discovery across the EEOC and the MSPB. The EEOC processed two Complaints and the MSPB processed another.

(*Id.* at 31.) The EEOC issued an order on July 29, 2021, but the order "remained silent on whether a Notice of Right to Sue Letter of the same date was issued." (*Id.*) Plaintiff asserts that "in violation of her mandatory duty to issue the Notice of Rights to Sue Letter, under 29 CFR § 1601.28, especially subsection 1601.28(e), Sirkin AJ refused to issue said Notice of Rights to Sue." (*Id.* at 39-40.)

Plaintiff purports to be asserting the following "claims for relief" and "causes of action": (1) "Fraud and/or Breach of the Lilly Ledbetter Fair Pay Act of 2009," *id.* at 31; (2) "Conspiracy to Breach 18 U.S. Code § 1001; 31 CFR § 0.211; and/or "commit Bodily Harm," *id.* at 32; (3) "Personal Capacity Defendants Under 28 USC § 2759 for Breach of 31 CFR § 0.211," *id.* at 32; (4) "(Alleged) Fraud; Breach of 18 U.S. Code § 1001, Breach of Title 5 (CFR), Part 353; Breach of Due Process and/or Equal Protection Clauses; and/or Misrepresentation," *id.* at 33; (5) "Judicial Review of the EEOC and Agency Final Order Decision of July 29, 2021," *id.* at 39; (6) "Judicial Review of the MSPB Decision of Ruggiero AJ of April 26, 2018 & Lack of Decision," *id.* at 44; (7) "(Alleged) Further Causes of Action Outside Judicial Review," which include violations of 28 U.S.C. § 2679(b)(2)(B), constitutional violations, and violations of various criminal statutes, *id.* at 50; (8) "Conspiracy to Breach 18 U.S. Code § 1001 and Commit Bodily Harm," *id.* at 50; (9) claims under the Federal Tort Claims Act ("FTCA"), *id.* at 51; (10) "Discrimination and Retaliation for EEO Complaint of October 2009," *id.* at 52; (11) "Hostile Work Environment," *id.* at 53; (12) "Personal Defendants Aid and Abet Fraud or Breach Due Process, or Commit Fraud," *id.* at 58; and (13) "The Complainant's Status as an 'Employee' Under 5 CFR Part 353 §§ 353.101 & 8101," *id.* at 63.

Plaintiff seeks a "Sum Certain Claim for $11,000,000 In Lieu of Settlement." (*Id.* at 72.)

8

## DISCUSSION

**A.      Rule 8 of the Federal Rules of Civil Procedure**

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint's statement of claim should not be prolix (lengthy) or contain unnecessary details. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (noting that under Rule 8(a)(2), the statement of claim "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage'") (citation omitted); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (holding that complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"); *see also The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Local 15, 15A, 15C & 15D, AFL-CIO v. Tightseal Constr. Inc.*, No. 17-CV-3670 (KPF), 2018 WL 3910827, at *12 (S.D.N.Y. Aug. 14, 2018) ("[C]ourts in this Circuit have dismissed complaints that are unnecessarily long-winded, unclear, or conclusory.")

Plaintiff's amended complaint does not include a short and plain statement showing that she is entitled to relief. The amended complaint instead consists of page after page of confusing and repetitive assertions along with extensive and unnecessary citations to statutes, regulations, and documents from Plaintiff's prior proceedings before various administrative agencies. The amended complaint does not comply with Rule 8 and therefore fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's proposed second amended complaint, which is 84 pages long, and is accompanied by an additional 656 pages of exhibits, does not cure the deficiencies identified above.

The Court therefore grants Plaintiff leave to file a third amended complaint that complies with Rule 8. Plaintiff is advised that the third amended complaint does not need to include legal research or citations to the administrative record. Plaintiff does not need to produce evidence at this stage of the litigation. The third amended complaint should include a short and plain statement of the claim suggesting that Plaintiff is entitled to relief. In light of Plaintiff's filing history, the Court **strongly** encourages Plaintiff to limit the third amended complaint to thirty pages that state clearly what her claims are and the facts on which they are based, and to omit any exhibits that are intended to serve as evidence.

**B.     Private prosecution**

The second amended complaint includes numerous allegations and statutory citations suggesting that Plaintiff seeks to hold Defendants liable for violations of criminal law. But Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors have discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Plaintiff's third amended complaint therefore should not include causes of action seeking to arrest or prosecute Defendants for violations of criminal law.

**C.     Motions for preliminary injunctive relief**

Plaintiff has filed four motions requesting a temporary restraining order and preliminary injunctive relief. (ECF 14, 15, 18, 19.) To obtain such relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for

10

litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

The Court has reviewed Plaintiff's motions and finds that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Accordingly, Plaintiff's requests for a temporary restraining order and preliminary injunctive relief are denied without prejudice to renewal at a later date.

D.      **Application for the Court to request pro bono counsel**

Along with the complaint, Plaintiff filed an application for the Court to request *pro bono* counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

E.      **Information about the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York**

Plaintiff may consider contacting NYLAG, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this

Court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently available **only** by telephone.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although it is unclear whether Plaintiff can state any valid federal claim against Defendants, in an abundance of caution, the Court grants Plaintiff thirty days' leave to amend her complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to comply with Rule 8 of the Federal Rules of Civil Procedure. In the "Statement of Claim" section of the third amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the third amended complaint that Plaintiff wants the Court to consider in deciding whether the third amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's third amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's third amended complaint will completely replace, not supplement, the previous complaints, any facts or claims that Plaintiff wants to include from the previous complaints must be repeated in the third amended complaint.

## CONCLUSION

The Clerk of Court is directed to terminate Plaintiff's motion to amend/correct the amended complaint (ECF 20.) The Clerk of Court is further directed to docket the proposed second amended complaint (ECF 20-1) as a second amended complaint, and to docket the proposed exhibits to the second amended complaint (ECF 20-2 through 20-75) as individual exhibits to the second amended complaint.

Plaintiff is granted leave to file a third amended complaint that complies with the standards set forth above. Plaintiff must submit the third amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Third Amended Complaint," and label the document with docket number 21-CV-7276 (LTS). A Third Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the action will be dismissed for failure to state a claim upon which relief may be granted.

The Court denies Plaintiff's requests for a temporary restraining order and preliminary injunctive relief (ECF 14, 15, 18, 19) without prejudice to renewal at a later date.

The Court also denies Plaintiff's application for the Court to request *pro bono* counsel (ECF 2) without prejudice to renewal at a later time.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to transmit a copy of this order to Plaintiff. Plaintiff has consented to receive electronic service of notices and documents in this action. (ECF 3.)

SO ORDERED.

Dated:   October 18, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                      Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

        -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant.  Addresses should not be included here.)*

**THIRD AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

Jury Trial:  ☐ Yes  ☐ No
*(check one)*

___ Civ. _____ ( ___ )

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
*NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
*NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

_____    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
*NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____    New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

I. **Parties in this complaint:**

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name _____
            Street Address _____
            County, City _____
            State & Zip Code _____
            Telephone Number _____

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant   Name _____
            Street Address _____
            County, City _____
            State & Zip Code _____
            Telephone Number _____

C. The address at which I sought employment or was employed by the defendant(s) is:

            Employer _____
            Street Address _____
            County, City _____
            State & Zip Code _____
            Telephone Number _____

II. **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

   _____    Failure to hire me.

   _____    Termination of my employment.

   _____    Failure to promote me.

   _____    Failure to accommodate my disability.

   _____    Unequal terms and conditions of my employment.

   _____    Retaliation.

    _____        Other acts *(specify)*: _____.

    *Note:* Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B.   It is my best recollection that the alleged discriminatory acts occurred on: _____.
                                                                                                            *Date(s)*

C.   I believe that defendant(s) *(check one)*:

    _____        is still committing these acts against me.

    _____        is not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

| | | | |
|---|---|---|---|
| ☐ | race _____ | ☐ | color _____ |
| ☐ | gender/sex _____ | ☐ | religion_____ |

☐   national origin _____

☐   age.  My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☐   disability or perceived disability, _____ *(specify)*

E.   The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____

    *Note:* As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

**III.**    **Exhaustion of Federal Administrative Remedies**:

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.   The Equal Employment Opportunity Commission *(check one)*:

   _____  has not issued a Notice of Right to Sue letter.

   _____  issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

   *Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C. Only litigants alleging age discrimination must answer this Question.

 Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

   _____  60 days or more have elapsed.

   _____  less than 60 days have elapsed.

## IV. Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

     Signature of Plaintiff  _____

     Address       _____

               _____

               _____

               _____

     Telephone Number   _____

     Fax Number *(if you have one)* _____