UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RINELLA BINNS-HARTY-BOLT,

           Plaintiff,

-against-

DENIS R. MCDONOUGH, Secretary, Department of Veterans Affairs,

           Defendant.

21-CV-7276 (PAE) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court respectfully directs the Clerk of Court to seek *pro bono* counsel to enter a limited appearance on behalf of plaintiff Rinella Binns-Harty-Bolt for the purpose of representing her in no more than six upcoming fact depositions, which may be held by videoconference in the above-captioned discrimination action. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

**LEGAL STANDARD**

    The courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil cases – unlike criminal cases – there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court believes that a litigant should have a free lawyer, it has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

## DISCUSSION

Plaintiff was employed as a social worker at the New York Harbor Medical Centre, operated by the Veterans Administration (VA). In her Third Amended Complaint (TAC) (Dkt. 28), she alleges, among other things, that she was demoted when she returned to work in February 2015 after an extended disability leave; was denied a promotion for which she was qualified in July 2015; and was terminated in November 2017, all in retaliation for her exercise of federally protected rights, including filing claims of discrimination with the Equal Employment Opportunity Commission (EEOC). TAC ¶¶ 8-27. Plaintiff further alleges that she was subject to a hostile work environment at the VA, based upon her "origin as a native from Jamaica," *id*. ¶ 30, and that defendant's decision to promote a "less qualified, younger Caucasian" in July 2015 was "predicated on her race and age." *Id*. ¶ 36. Plaintiff seeks damages and other relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. *Id*. ¶¶ 1-2.

Written discovery has been exchanged, but no depositions have yet taken place. During a status conference on May 13, 2024, plaintiff requested the assistance of *pro bono* counsel to conduct fact depositions (which the Court has limited to six per side). Given the stage of the proceedings, and in order to maximize the benefit of the depositions for all parties, the Court now requests that counsel appear for the limited purpose of representing plaintiff Binns-Harty-Bolt during the fact depositions she wishes to conduct. The Court has extended plaintiff's deadline to conduct fact depositions, *sine die*, in anticipation of a positive response to this request for volunteer assistance. *Pro bono* counsel will not be obligated for any aspect of plaintiff's representation beyond the matters described in this order.[1]

---

[1] For example, *pro bono* counsel will not be obligated to represent plaintiff at her own deposition, nor to defend other fact depositions conducted by defendant.

Under the Court's Standing Order regarding the Creation and Administration of the *Pro Bono* Fund (16-MC-0078), *pro bono* counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of plaintiff's case. The *Pro Bono* Fund is especially intended for attorneys for whom *pro bono* service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Upon the filing by *pro bono* counsel of a Notice of Completion, the representation by *pro bono* counsel of plaintiff in this matter will terminate, and *pro bono* counsel will have no further obligations or responsibilities to plaintiff or to the Court in this matter.

## CONCLUSION

The Clerk of Court is directed to attempt to locate *pro bono* counsel to represent plaintiff for the limited purposes described above. The Court advises plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, there is no guarantee that counsel will volunteer in time to assist with the party depositions. If an attorney volunteers, that attorney will contact plaintiff directly. Since there is no guarantee that a volunteer attorney will decide to take the case, plaintiff should be prepared to conduct the depositions without an attorney if necessary.

Dated: May 13, 2024
       New York, New York

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**