UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RINELLA BINNS-HARTY-BOLT,

        Plaintiff,

-against-

DENIS R. MCDONOUGH, Secretary,
Department of Veterans Affairs,

        Defendant.

21-CV-7276 (PAE) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, defendant's November 6, 2024 letter-application (Pl. Ltr.) (Dkt. 124), seeking an order precluding plaintiff from presenting expert testimony, will be denied without prejudice, and an expert witness disclosure schedule will be set.

### Background

Plaintiff Rinella Binns-Harty-Bolt, proceeding *pro se*, brought this action against the Secretary of the United States Department of Veterans Affairs (VA), in his official capacity, for employment discrimination. Plaintiff was employed at a VA hospital as a Social Worker from 2007 until November 2009, when she was attacked by a patient, suffered "multiple bodily injuries," and was unable to work for more than five years. *See* Third Amended Complaint (TAC) (Dkt. 28) ¶ 11. Plaintiff returned to work in February 2015, on "light duty," whereupon was assigned to work as a Financial Account Technician, which she considered a demotion. *Id.* ¶¶ 17, 30. In July of that year, the VA "wrongfully refused to select Plaintiff" for a Social Worker position that she applied for via an internal posting, *id.* ¶¶ 33-36, and in August, plaintiff's supervisors "denied [her] requests for reinstatement as a Social Worker" at her previous salary. *Id.* ¶ 32. On October 23, 2015, plaintiff filed a complaint with the VA's Equal Employment Opportunity office. *Id.* ¶ 8. In November 2017, her employment was terminated. *Id.* ¶ 20.

Plaintiff has two remaining claims, both arising under Title VII of the Civil Rights Act of 1964, § 42 U.S.C. 2000e. Her First Claim for Relief alleges that the VA "retaliated against her by threatening her with termination and then terminating her employment in 2017, while her 2015 EEO Complaint 'was in the process of being resolved.'" *Binns-Harty-Bolt v. McDonough*, 2024 WL 3362409, at *3 (S.D.N.Y. June 21, 2024) (quoting TAC ¶¶ 22-23), *adopted*, 2024 WL 3362944 (S.D.N.Y. July 10, 2024). Her Third Claim for Relief alleges that "defendant discriminated against her based on 'her race and age,' . . . by failing to promote her to the Social Worker position she sought in 2015, 'in favor of a younger, less qualified applicant of Caucasian descent.'" *Id.* (quoting TAC ¶¶ 1, 33-36, 39).[1]

On July 31, 2024, after a status conference, I issued a Scheduling Order requiring the parties to complete fact discovery by November 15, 2024. *See* Sched. Order (Dkt. 112) ¶ 2. During the July 31 conference, plaintiff advised me that she may wish to call expert witnesses, including medical doctors who can testify about the nature, extent, and consequences of the injuries that she sustained in 2009. *See* Sched. Order ¶ 4. However, plaintiff was unable to explain the relevance of that proposed testimony to her remaining claims in this action. *Id.* Consequently, for the sake of efficiency, I did not set an expert discovery schedule at that time. Instead, I directed plaintiff to serve defendant, no later than October 15, 2024, with a written notice "identifying each expert she expects to call (by name if possible; otherwise, by profession or area of expertise) and the topic(s) on which she expects that expert to testify," and directed defendant to serve any protective order motion no later than November 15, 2024. *Id.*

On October 22, 2024, plaintiff sent an email to defendant's counsel stating:

---

[1] Plaintiff did not plead any claim for disability discrimination. *See* TAC ¶ 39 ("Plaintiff believes that her race and age were the underlying factors in her non-selection."). Her Second Claim for Relief, alleging that she was subjected to a hostile work environment, has been dismissed for failure to state a claim. *See Binns-Harty-Bolt*, 2024 WL 3362944.

> I will be calling an expert witness to testify on the topic of my medical condition(s) [and] physiological and emotional diagnosis.
>
> I will also be calling medical specialists who have been treating me in the past and currently.

Def. 11/6/24 Ltr. (Dkt. 124) Ex. A (Dkt. 124-1). No further detail was provided. On October 29, 2024, defendant sought clarification, asking whether Ms. Binns-Harty-Bolt "intend[ed] to rely on an expert medical specialist or specialists regarding the nature, extent, and consequences of the injuries that you sustained in 2009 or something else?" *Id.* Plaintiff did not respond.

On November 6, 2024, defendant asked the Court, by letter-application, to "preclude expert testimony in this case as Plaintiff has not articulated any basis for such discovery." Def. 11/6/24 Ltr. at 1. Plaintiff's opposition, if any, was due on November 12, 2024 (*see* Moses Ind. Prac. § 2(e)), but she did not submit any response.

## Analysis

Expert evidence that is not relevant to a party's claims or defenses is inadmissible and may be excluded prior to trial. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993) (trial judges must ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand"). Evidence is relevant if it (a) "has any tendency to make a fact more or less probable than it would be without evidence," and (b) "the fact is of consequence in determining the action." Fed. R. Evid. 401.

The purpose of ¶ 4 of my Scheduling Order was to obtain enough information about plaintiff's proposed expert testimony to determine whether it would be relevant to her remaining claims, both of which rise out of the events of 2015-17, *not* the events of 2009 (or any other periods prior to plaintiff's return to work in 2015). I hoped to protect plaintiff from spending time and money preparing expert testimony later excluded on relevance grounds, and to protect defendant from spending time and money moving to exclude such evidence. However, it impossible to

3

determine, from the vague information provided by plaintiff in her October 22 email, whether any of the expert testimony she proposes to present will pass the threshold test of relevance.

The solution proposed by defendant – that the Court simply preclude any expert testimony in this case – is tempting from an efficiency standpoint, but would be inappropriate where, as here, the plaintiff is pro se and it is possible that she may be able to present admissible expert medical testimony, for example, concerning the "emotional pain, suffering, . . . mental anguish, loss of enjoyment of life, and humiliation" she claims to have suffered as a result of defendant's failure to promote her in 2015 or the termination of her employment in 2017. TAC at 7 ¶ F. Consequently, the Court must set an expert disclosure and motion schedule.

## Rule 26

Pretrial disclosure of expert testimony in civil actions is governed by Fed. R. Civ. P. 26(a)(2)(A)-(C). Under Rule 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial."

Under Rule 26(a)(2)(B), if an expert witness has been "retained or specially employed to provide expert testimony in the case," the party proposing to call that witness must also serve a written report containing:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). This rule "contemplates the delivery of a 'detailed and complete' report outlining the testimony the expert witness is expected to present and 'the reasons therefor.'" *Great White Bear, LLC v. Mervyns, LLC*, 2008 WL 2220662, at *2 (S.D.N.Y. May 27, 2008) (quoting Fed. R. Civ. P. 26(a)(2)(B), advisory committee's note to 1993 amendments), *objections overruled*, 2008 WL 11396805 (S.D.N.Y. July 9, 2008). A party who fails to serve the required expert report on the schedule set by the Court, or who serves a "sketchy and vague" expert report, *id.*, may be precluded from offering the proposed expert evidence at trial. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *Great White Bear*, 2008 WL 2220662, at *2-6 (S.D.N.Y. May 27, 2008) (striking portions of expert's report for failure to provide the level of detail required by Rule 26(a)(2)(B)).

If the witness has not been "retained or specially employed to provide expert testimony," a written report in compliance with Rule 26(a)(2)(B) is not required. Thus, for example, treating physicians may "testify as to opinions formed during their treatment, including causation, without the submission of an expert report." *Ramsay v. Nat'l R.R. Passenger Corp.*, 2015 WL 2168062, at *9 (S.D.N.Y. May 7, 2015) (internal quotation marks and emphasis omitted) (quoting *Williams v. Regus Mgmt. Grp., LLC*, 2012 WL 1711378, *3 (S.D.N.Y. May 11, 2012)). Under Rule 26(a)(2)(A) and (C), however, the party presenting expert testimony from a treating physician, treating psychologist, or other non-retained witness must still serve a written disclosure identifying the witness *by name* and stating:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C). Additionally, before a treating medical source may opine as to causation, the party must disclose all of his or her medical records. *See Brutton v. United States*, 687 F. App'x 56, 58 (2d Cir. 2017) (summary order) (where plaintiff failed to produce either a written expert report or her treatment records, trial judge properly precluded her treating physician from testifying as to "whether her injury was caused by the taxi accident or the falling ceiling").

## Conclusion and Schedule

For the reasons set forth above, defendant's letter-application to preclude expert testimony in this action is DENIED without prejudice to renewal on the schedule set forth herein.

Plaintiff must disclose her expert evidence, including all information, reports or statements required by Rule 26(b)(2)(A)-(C), no later than **December 16, 2024**. Defendant must disclose any rebuttal expert evidence no later than **January 13, 2025**. Expert discovery, including depositions of experts, must be completed no later than **January 27, 2025**. Motions to exclude expert evidence, if any, must be filed no later than **February 10, 2025** (but may be made earlier), and must comply with the individual practices of the assigned magistrate judge.

Except to the extent modified herein, the provisions of the June 24, 2022 Initial Case Management Order remain in effect, including the deadlines for summary judgment motions and the joint pretrial order. (S*ee* Dkt. 112 ¶¶ 12, 13.)

Dated: New York, New York
       November 18, 2024                     SO ORDERED.

                                             _____
                                             **BARBARA MOSES**
                                             **United States Magistrate Judge**