UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RINELLA BINNS-HARTY-BOLT,<br><br>         Plaintiff,<br><br>      -v-<br><br>DOUGLAS A. COLLINS, Secretary of the Department of Veterans Affairs,<br><br>         Defendant. | No. 21 Civ. 7276 (PAE) (BCM)<br><br>**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL** |

  WHEREAS, plaintiff Rinella Binns-Harty-Bolt ("Plaintiff") filed a Third Amended Complaint on or about January 21, 2022, asserting claims in the above-captioned action (the "Action") against Denis McDonough in his official capacity as then-Secretary of the United States Department of Veterans Affairs (the "VA");

  WHEREAS, pursuant to Federal Rule of Civil Procedure 25(d), Douglas A. Collins, the current Secretary of the VA ("Defendant") is automatically substituted for former Secretary McDonough;

  WHEREAS, the Third Amended Complaint alleged three claims against Defendant arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), including claims (i) that Defendant retaliated against Plaintiff by threatening her with termination and then terminating her employment in 2017, while her 2015 EEO Complaint was in the process of being resolved; (ii) that Defendant maintained a hostile work environment after Plaintiff returned to the VA in 2015; and (iii) that Defendant discriminated against Plaintiff based on her race and age by failing to promote her to the position of social worker in 2015;

1

WHEREAS, Plaintiff's claim alleging a hostile work environment was dismissed (ECF No. 107);

WHEREAS, Plaintiff is seeking only compensatory damages for alleged emotional distress in connection with the claims asserted in this Action and is not seeking front pay or back pay or to otherwise recover for any alleged lost wages;

WHEREAS, on March 19, 2025, Plaintiff and Defendant (the "Parties") participated in a settlement conference with Magistrate Judge Barbara Moses, during which Plaintiff was represented by *pro bono* counsel; and

WHEREAS, the Parties now wish to settle the Action without further litigation and without any admission of fault or liability;

IT IS STIPULATED AND AGREED, by and between the Parties, that the Action shall be settled and compromised on the following terms and conditions:

1. This Action is hereby dismissed with prejudice, without costs, interest, attorneys' fees, or disbursements to any party, except as specified in Paragraph 3 of this Stipulation and Order of Settlement and Dismissal (the "Stipulation and Order").

2. This Stipulation and Order is not, is in no way intended to be, and should not be construed as, an admission of liability, fault, or violation of any law, rule, or regulation on the part of Defendant, or any of the VA's present or former departments, agencies, agents, officials, or employees. This Stipulation and Order is entered into by the parties hereto for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

3. The VA agrees to pay to Plaintiff the sum of two hundred and fifteen thousand dollars ($215,000.00) (the "Settlement Amount") as and for alleged emotional distress. The

Settlement Amount shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action that Plaintiff (or any of her guardians, heirs, executors, administrators, successors, or assigns) now has or may hereafter acquire against Defendant, the United States, or any present or former department, agency, agent, official, or employee of the United States (collectively, the "Government"), arising from or related to the events, circumstances, or incidents giving rise to the Action and all claims incident thereto.

4. The VA agrees to provide Plaintiff with a letter confirming the terms of her employment with the VA, including without limitation her position(s), dates of employment, and record of satisfactory job performance (the "Letter").

5. Plaintiff and her guardians, heirs, executors, administrators, successors, or assigns agree to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, that they may have or hereafter acquire against the Government, arising from or related to the events, circumstances, or incidents giving rise to the Action and all claims incident thereto. Plaintiff hereby expressly releases and forever discharges the Government, from any all claims and liability arising from or related to the events, circumstances, or incidents giving rise to the Action and all claims incident thereto. This includes but is not limited to any and all claims for lost wages, leave, attorney's fees, and costs, and any and all claims of personal injuries, medical expenses, lost property, and emotional distress that Plaintiff now has or hereafter may acquire against Defendant based upon any issues or claims arising out of or relating to her employment with the VA occurring before the effective date of this Stipulation and Order. Plaintiff and her guardians, heirs, executors, administrators, or assigns further agree to reimburse, indemnify and hold harmless the

Government, from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims arising from or related to the events, circumstances, or incidents giving rise to the Action initiated against the Government by Plaintiff or her guardians, heirs, executors, administrators, or assigns against any third party or against the Government.

6. Plaintiff understands that taxes will not be withheld from the Settlement Amount by the VA. Plaintiff represents and warrants that Plaintiff shall assume all responsibility for, and shall protect, indemnify, defend, and hold harmless the Government, from and against any and all claims, losses, liens, damages, liability, suits, actions, judgments, costs, penalties, and expenses resulting from any liability or claim of liability for any amounts assessed by or due to any federal, state, or local government or agency thereof, including, but not limited to, any liens of any kind (including but not limited to workers' compensation liens, medical liens, tax liens, or child support liens), and federal, state, and local taxes, if any, owed in connection with the payment of the Settlement Amount to Plaintiff. Plaintiff understands and agrees that the entire Settlement Amount will be reported to the Internal Revenue Service ("IRS") on a Form 1099, and that the question of tax liability, if any, as a result of this payment is a matter to be resolved solely between Plaintiff and the IRS.

7. Plaintiff further agrees to protect, indemnify, defend, and hold harmless the Government, from and against any and all claims, losses, liens, damages, liability, suits, actions, judgments, costs, penalties, and expenses arising from or relating to the events, circumstances, or incidents giving rise to this Action and all claims incident thereto, including any claims arising from the assignment of claims or liens upon the Settlement Amount. Plaintiff further agrees to

4

reimburse or advance, at the option of counsel for the United States, any expense or cost that may be incurred incident to or resulting from such further litigation or prosecution of claims by Plaintiff arising from or relating to the events, circumstances, or incidents giving rise to this Action against any third party.

8. This Stipulation and Order includes a waiver of claims Plaintiff has made or could have made before the effective date of this Stipulation and Order. This Stipulation and Order does not include the waiver of any rights or claims that may arise after the effective date of this Stipulation and Order. Plaintiff's signature below affirms that Plaintiff has been provided with reasonable and sufficient time to consider this Stipulation and Order.

9. This Stipulation and Order shall be binding upon and inure to the benefit of the Parties and their principals, agents, representatives, heirs, successors, and assigns. Each signatory to this Stipulation and Order has not previously assigned or transferred any rights or interests with respect to the matters covered by this Stipulation and Order.

10. The terms of this Stipulation and Order shall become effective upon entry of this Stipulation and Order by the Court. Payment of the Settlement Amount shall be made to Plaintiff only after execution by the Parties and entry by the Court of this Stipulation and Order. If not approved and entered by the Court, this Stipulation and Order shall be null and void, with no force or effect.

11. Payment of the Settlement Amount will be made by the VA by electronic funds transfer in the amount of two hundred and fifteen thousand dollars ($215,000.00) to Plaintiff. The payment will be made and the Letter will be sent to Plaintiff within a reasonable time after the

the Court's endorsement of this Stipulation and Order or the date by which Plaintiff returns Form 10091 to undersigned counsel for Defendant, whichever is later.

12. The Court shall retain jurisdiction over all matters concerning the terms of the settlement encompassed in the Stipulation and Order.

13. Plaintiff and Defendant understand and agree that this Stipulation and Order contains the entire agreement between them and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the Parties that are not included herein shall be of any force or effect.

14. Plaintiff agrees and represents that she has read this Stipulation and Order fully before signing, and has a full and clear understanding as to its meaning and import.

15. It is contemplated that this Stipulation and Order may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Dated: April 29, 2025  
       New York, New York

Dated: April 28, 2025  
       New York, New York

JAY CLAYTON  
United States Attorney  
*Attorney for the Government*

By: /s/ Dana W. Kumar  
DANA WALSH KUMAR  
Assistant United States Attorney  
86 Chambers Street, Third Floor  
New York, New York 10007  
Tel.: (212) 637-2741

RINELLA BINNS-HARTY-BOLT  
*Plaintiff*

By: /s/  
RINELLA BINNS-HARTY-BOLT  
145 4th Avenue  
Apt. 4C  
New York, New York 10003  
Tel.: (646) 593-1090

Case 1:21-cv-07276-PAE-BCM    Document 135    Filed 04/30/25    Page 7 of 7

E-mail: dana.walsh.kumar@usdoj.gov        E-mail: rbinnsbolt45@gmail.com

SO ORDERED:

Dated: <u>April 30, 2025</u>       _____
       New York, New York        HONORABLE PAUL A. ENGELMAYER